Appeal from an order of a Special Term of the Supreme Court, Clinton County. Defendant as owner of the Lake Placid-Marcy Hotel entered into a contract for the sale of the hotel with plaintiff on June 29, 1956. Defendant had a liquor license for the premises and it was contemplated as part of the contract that plaintiff would, in turn, obtain a new liquor license of its own. It was provided that if the State Liquor Authority should not have approved plaintiff’s application within eight weeks of June 29 “then the seller shall have the option (1) to return the down payment made * * * and to cancel this Agreement, in which event this Agreement shall be deemed null and void ”. It was further provided that the sale was conditional “ upon the actual issuance of a hotel liquor license ” to the plaintiff as purchaser; but that the defendant as seller “will cooperate to obtain the issuance thereof.” The plaintiff’s liquor license not having been issued by August 25, defendant notified plaintiff on that day it was exercising its right of cancellation of the contract and tendered the amount of the down-payment which plaintiff refused. This action is for specific performance on the pleaded theory that the refusal of the Liquor Authority to issue a hotel license on plaintiff’s application was due to the wrongdoing of defendant concealed from the plaintiff at the time of making of the contract. The complaint alleges that during the negotiations and in the execution of the contract “ a state of facts ” existed “ which defendant did not disclose to the plaintiff ” and the “ details of which the plaintiff had no specific knowledge” whieh “seriously affected the ability of the plaintiff to obtain a hotel liquor license within the periods specified in the contract.” This state of facts may be summarized by saying that defendant made a lease and lease-back arrangement with a tenant in an adjoining motel premises owned by defendant which permitted the tenant to obtain a hotel liquor license although he did not operate a hotel and which resulted in an investigation by the Liquor Authority and disciplinary action against defendant’s own hotel license. This situation was considered heretofore in Matter of Placid-Marcy Co. v. State Liq. Auth. (5 A D 2d 5). It is alleged to have delayed issuance of a license to the plaintiff for defendant’s premises. The complaint further alleges that there was an implied condition of the contract between the parties that defendant had done nothing to affect the ability of the plaintiff to obtain a license within the time limits set forth and that by reason of its own actions defendant is estopped from insisting on the performance of the liquor license provisions within the times specified. The court at Special Term has granted summary judgment for the defendant dismissing the complaint. The theory of decision seems to 'be that the wrongdoing of the defendant, if it existed in relation to the Liquor Authority, occurred long before the contract here involved was entered into or even contemplated and hence the court was of opinion it “could not violate any duty whieh defendant owed to plaintiff”, and there existed no fiduciary duty between these parties which would require “full disclosure by the seller of all circumstances whieh might eventually be significant.” But if defendant knew that its own wrongdoing had created a condition which might reasonably be expected to delay the issuance of a liquor license on plaintiff’s application for the premises on whieh defendant held a license and did not reveal this to plaintiff; and if plaintiff acted in good faith, the court in equity might determine that defendant would be estopped from exercising its reserved right to cancel the contract on the failure of plaintiff to obtain a license within the short time limits provided, if such a failure were *916 found due to defendant’s wrongdoing. Concealment on one band and reliance on good faith on the other in the making of the contract upon a full examination of the facts might be held to operate to prevent the assertion of the right to cancel at the time notice was given. It might also be found as a question of fact that implicit in the agreement by defendant to “ co-operate ” with plaintiff in the issuance of a license was a requirement imposed by good faith that defendant had not created, and concealed the creation of, a situation which became a delaying obstacle to issuance of a license to plaintiff. All this, in our view, presents questions of fact which cannot adequately be swept through and determined on the basis of affidavits. They present real and not merely colorable issues. One of them would involve a determination of whether plaintiff’s officers knew at the time the contract was made that defendant’s motel tenant had a hotel liquor license although he ran no hotel operation but merely a restaurant, and it is not a fully adequate answer to this to say that plaintiff knew at the signing of the contract that there was a lease and a lease-back. The crucial question is whether the lease and the lease-back between defendant and its motel tenant were instruments to deceive the Liquor Authority, which could invoke the usual punitive consequences of such deception against the licensee and perhaps also against the licensed premises. We do not undertake to express views on the merits of this controversy. What we do determine is that the ease requires a trial for adequate exploration and resolution of the issues. We think plaintiff’s application for injunctive and other provisions of relief was properly denied. The order appealed from is modified by reversing so much thereof as directs entry of judgment for defendant and by denying defendant’s motion for summary judgment, and as modified is affirmed; and the judgment appealed from is reversed, with $10 costs to appellant.
Foster, P. J., Bergan, Coon and Gibson, JJ., concur.